People v Nicholls (2024 NY Slip Op 24003)

[*1]

People v Nicholls

2024 NY Slip Op 24003

Decided on January 2, 2024

Supreme Court, Kings County

Daniels-DePeyster, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 2, 2024
Supreme Court, Kings County

The People of the State of New York

against
Ahmad Nicholls, Defendant.

Indictment No. 597/19

ADA Jonathan Visotzky for DA Eric Gonzalez, Kings County, District Attorney's Office 
Douglas Rankin for the defendant 

Claudia Daniels-DePeyster, J.

The People move to relieve the defendant's attorney, Douglas G. Rankin, including the Law Office of Douglas G. Rankin, Esq. P.C., as counsel on the above indictments. Mr. Rankin did not file any opposition papers, but opposed orally on October 3, 2023.
The record herein establishes that Mr. Rankin's pattern of prolonged unavailability
justifies relieving Mr. Rankin as counsel. Therefore, for the reasons set forth, the People's motion is GRANTED.[FN1]
I. Factual and Procedural Background
Under indictment 597-19, the defendant is charged with Manslaughter in the First Degree (PL § 125.25[1]) and other related charges. The charges stem from allegations that on October 15, 2017, at approximately 1:15 am, on the eastbound direction of the Belt Parkway, near Erskine Street in Kings County, the defendant operated a motor vehicle while intoxicated and that said vehicle swerved across several lanes of traffic and travelled without headlights illuminated at speeds of over 100 miles per hour and collided with two other vehicles occupied by passengers. Eight of the passengers were treated for non-serious injuries, but one passenger was later pronounced dead as a result of the injuries.
On or about October 19, 2017, the New York City Police Department's (hereinafter "NYPD") Crime Scene Unit (hereinafter "CSU") responded to the 73 Precinct to process a vehicle that had been recovered following the execution of a Kings County Supreme Court Search Warrant issued by the Honorable Vincent Del Giudice on October 18, 2017. CSU collected, packaged and vouchered evidence, including an airbag, much of which was forwarded to the Office of the Chief Medical Examiner (hereinafter "OCME") for DNA testing and analysis.
On or about March 24, 2018, while in custody on an unrelated matter, the police recovered two pseudo exemplar abandonment DNA samples from the defendant, namely, two [*2]cigarette butts. These items were sent to the OCME for DNA testing and analysis. The OCME concluded that the DNA from the defendant's abandonment sample matched the blood stain from the airbag recovered from the vehicle.
On March 5, 2019, indictment 597-19, was filed charging the defendant with Manslaughter in the First Degree (PL § 125.25[1]) and other related offenses.
On April 17, 2019, the defendant was arraigned on the indictment and plead not guilty. Bail was set, which the defendant subsequently posted. He was represented by Mitchell Elman, Esq.
Under indictment 2240-20, the defendant is charged with Attempted Murder in the First Degree (PL § 110/125.27[1][A[]VII]) and other related offenses. The charges stem from allegations that on November 11, 2020, at approximately 2:05 am, in the vicinity of 8920 Avenue D in Kings County, the defendant discharged a revolver multiple times at a group of people and at a moving vehicle. It is further alleged that the defendant attempted to rob an off-duty NYPD officer and discharged his weapon at the officer. The officer returned fire, striking the defendant multiple times. The defendant's firearm was secured by the officer.
When the defendant was later being placed on a stretcher by first responders, a second firearm, alleged to have dropped from the defendant's person onto the ground, was also recovered.
On December 15, 2020, indictment 2240-20 was formally filed, charging the defendant with Attempted Murder in the First Degree (PL § 110/125.27[1][A[]VII]) and other related offenses.
On January 8, 2021, the defendant was arraigned on the indictment and entered a plea of not guilty. The defendant was remanded without bail on both indictments. He was represented by Mitchell Elman, Esq.
On January 22, 2021, the Court issued a decision as to the sufficiency of the grand jury minutes on the 2020 indictment, finding the evidence before the grand jury was legally sufficient and that the People properly instructed the grand jury (see January 22, 2021, Grand Jury Review Decision).
On March 18, 2021, a protective order was signed by the Honorable Donald Leo on the 2020 indictment.
On March 30, 2021, the People filed and served their certificate of compliance and statement of readiness on the 2020 indictment.
On August 26, 2021, Mr. Robert Beecher submitted a notice of appearance as retained counsel on both cases.
On September 1, 2021, Mr. Ellman was relieved as counsel and Mr. Robert Beecher, Esq. assumed representation on both cases.
On or about, or between, September 1, 2021, and October 19, 2021, Mr. Beecher was relieved as counsel. The case was scheduled by the court for October 19, 2021, and December 8, 2021, for Mr. Rankin to assume representation as retained counsel on both cases, however, he did not appear on either of those dates.
Mr. Rankin's first appearance on the case was on January 3, 2022 [FN2]
(see People's Exhibit 1 [*3]— January 3, 2022, Minutes). At that January 3, 2022, virtual appearance, Mr. Rankin requested another month to review discovery, and the cases were adjourned to February 2, 2022, for control and for reciprocal discovery (id.).
On February 2, 2022, the parties appeared virtually, and Mr. Rankin requested another month to review discovery (see People's Exhibit 2 — February 2, 2022, Minutes at 5). The cases were adjourned to March 7, 2022 (id. at 6).
On March 7, 2022, the parties appeared virtually, and Mr. Rankin requested another month to review discovery. Mr. Rankin stated:
MR. RANKIN: Yes, your Honor. I was retained. My first appearance was in January. I am still reviewing discovery, your Honor. Unfortunately, the last two weeks I have been out of state. I had a death in my family and actually flew in last night. So, I am going to ask for another adjournment. Judge, I am starting a murder ease on the 21st in front of Judge Douglas and I'm hopeful after I finish that case I will have completed the review, but right now that case is about three-and-a-ha1f, four years old, and that's what the focus is right now. That starts on the 21st.
(see People's Exhibit 3 — March 7, 2022, Minutes at 3). [FN3]
The cases were adjourned to March 21, 2022, for control.
On March 21, 2022, Mr. Rankin failed to appear for the virtual appearance and failed to contact the Court in advance or provide an affirmation of engagement. The Court's notes reflect that despite Mr. Rankin's representation on the prior date, he was not in Judge Douglas' part either. The cases were adjourned to April 4, 2022, for Mr. Rankin to appear.
On April 4, 2022, when Mr. Rankin had not appeared, the court clerk reached out to him. Mr. Rankin told the clerk that he was driving and could not appear for the call (see People's Exhibit 4 — April 4, 2023, Minutes at 3). This was the second consecutive appearance that Mr. Rankin did not appear for and did not provide the Court with advance notice of other engagements or scheduling conflicts. The cases were adjourned to April 21, 2022, for Mr. Rankin to appear in person.
On April 21, 2022, Mr. Rankin appeared in the afternoon.[FN4]
During the appearance, the People noted for the record that they intended to try the 2020 indictment first. The Court subsequently adjourned indictment 2240-20 to May 25, 2022, for hearings.[FN5]

As Mr. Rankin did not appear until the afternoon and the co-defendant's attorney was present in the morning, the 2019 indictment, was called earlier in the day and adjourned to May 18, 2022, for a virtual appearance.
On May 18, 2022, the parties appeared virtually on the 2019 indictment. During that [*4]appearance, Mr. Rankin represented to the Court that he had several gun hearings scheduled but would submit the defense certificate of compliance by May 25, 2022.[FN6]
The case was adjourned to June 27, 2022, for a virtual appearance.
On May 25, 2022, the assigned Assistant District Attorney was engaged on trial and was not ready for the hearings on the 2020 indictment (see People's Exhibit 6 — May 25, 2022, Minutes at 2). The People requested June 8, 2022, and Mr. Rankin requested June 9, 2022 (id.). Mr. Rankin also advised the Court that he had no reciprocal discovery and would file a defense certificate of compliance [FN7]
(id. at 3; see CPL 245.10). The case was adjourned to June 9, 2022, for hearings and the Court noted: "we will have hearings and then we will schedule the trial shortly thereafter (id.).
On June 9, 2023, the assigned Assistant Distinct Attorney was engaged on trial and not ready for the hearings on the 2240-20 indictment (see People's Exhibit 7— June 9, 2022, Minutes at 2). The People requested June 13, 2022, but Mr. Rankin advised of the following:
MR. RANKIN: Judge, that's not a good day for me, but I could do the Thursday, which I already conference with the district attorney. I believe the Thursday works for them as well.
(id.).
The case was adjourned to the requested date, June 16, 2022, for hearings on the 2240-20 indictment.
On June 16, 2022, the People answered ready for the hearing and had five witnesses present (see People's Motion at ¶ 32; see People's Exhibit 9 — June 16, 2022, Minutes — at 3). Though Mr. Rankin said that he was ready for the hearing, he also made the following record, which begs the question of whether or not Mr. Rankin was actually ready:
MR. RANKIN: I just wanted to put on the record the fact that in order to go forward with the hearing, I indicated that I would need at least the identification of certain witnesses by a letter A, B, or C, so I can know who is who in terns of the identification procedures and certain statements that are made to certain individuals. So I spoke off the record with the district attorney who said he would do that . As long as I have that before the 28th, I should be good to go.
(id.).
Additionally, Mr. Rankin advised the Court that he had a 3:00 pm doctor's appointment and could not return in the afternoon for the hearing (id. at 2).[FN8]
The case was adjourned to June [*5]28, 2022, for hearings, requiring the People's hearing witnesses to return.
On June 27, 2022, the parties appeared on the 2019 indictment and Mr. Rankin requested the matter track the 2020 indictment in the event of a global offer. The case was adjourned to June 28, 2022, for that purpose.
On June 28, 2022, Mr. Rankin failed to appear. He filed an affirmation with the Court that he had a fever, was awaiting COVID-19 results and requested July 6 or July 7 (see People's Exhibit 10 — June 28, 2022, Minutes at 2). The People maintain that they were ready for the hearings and had five witnesses physically present to testify (see People's Motion at ¶ 33). The cases were adjourned to July 7, 2022: the 2020 indictment for hearings and 2019 indictment to track. This required the People's hearing witnesses to return.
On July 7, 2022, the date requested by Mr. Rankin, Mr. Rankin failed to appear. He sent an affirmation to the Court indicating he had COVID-19 and requested July 11, 2022 (see People's Exhibit 11 — July 7, 2022, Minutes at 2).[FN9]
As that date was not available for the Court, the cases were adjourned to August 3, 2022: the 2020 indictment for hearings, the 2019 indictment to track, and for Mr. Rankin to appear on both cases.
On August 3, 2022, the People were ready to proceed with the hearing and had three of their witnesses present and Mr. Rankin advised that he was ready as well. Unfortunately, the defendant had not been produced (see People's Exhibit 12 — August 3, 2022, Minutes at 2). Mr. Rankin requested August 10, 2022, and the case was adjourned for that date: the 2020 indictment for hearings, the 2019 indictment to track, and for the defendant to be produced on both cases (id.).
On August 10, 2022, Mr. Rankin, did not appear for the scheduled hearing until the afternoon (see People's Motion at ¶ 36). Mr. Rankin's late arrival resulted in a delay of the hearing: the hearing could not begin until 2:30 pm and one of the People's five witnesses had to leave for a childcare obligation (see People's Motion at ¶ 36). Moreover, at 4:17 pm, Mr. Rankin was unwilling to begin his cross examination of one of the witnesses, because he said he needed to leave by 4:30 pm. As a result, the parties were only able to complete the full testimony of one witness, Detective Benjamin Burgess, and the direct of a second witness, Police Officer Marisa Louisjean (id.; see People's Exhibit 13 — August 10, 2022, Minutes at 49). The case was adjourned to August 24, 2022, at 10:30 am, for a continued hearing on the 2020 indictment and for the 2019 indictment to track. This required Officer Louisjean to return to continue her testimony, and the remaining witnesses to return to begin their testimony.
On August 24, 2022, despite the Court's directive to appear at 10:30 for the hearing, Mr. Rankin once again appeared in the afternoon. The People had three officers waiting to testify for hours, but only two were able to wait until Mr. Rankin arrived (see People's Motion at ¶ 37. The case was adjourned to September 12, 2022, at 11:00 am, for a continued hearing on the 2020 indictment and for the 2019 indictment to track. This required Officer Crenshaw to return to [*6]continue her testimony, and the remaining witnesses to return to begin their testimony.
On September 12, 2022, in disregard of the Court's directive to appear at 11:00 am, Mr. Rankin again appeared in the afternoon. The following colloquy took place:
THE COURT: Good afternoon, Mr. Rankin. Case is on for continued hearing. We had adjourned to Part 2 for 11:00 am. I just note the time now is 3:15 p. m. We haven't started yet. The witnesses had been waiting since this morning. . .
MR. RANKIN: Yeah, I had contacted the Court and alerted that I could not get here until - - for — till
THE COURT: After Lunch.
MR. RANKIN: Till after lunch. I indicated that I could start at 2:00 and that would be fine. I was told by the government that their witnesses were unable to stay for the afternoon and — and that was the last I had heard.
(see People's Exhibit 15 — September 12, 2022, Minutes at 2-3).
The record continued as follows:
THE COURT: People are working. Some people could just from their post and sit here all day and if you start at 4:10 it works for them, but everybody's not in that kind of command. Some people are needed. It's better . . . if we know they're not going to be needed for the afternoon as early as we can have them on call those days so we're not wasting people's time. . .That's what I'm saying, you know what I'm saying, because my notes indicate we were on for 11:00. We had a conference to try to move it so we could get days where we're continuously going forward with the trial, but the request was let's keep it in the morning of September 12th. . .To start witness one at 3:15 
MR. RANKIN: I don' t know why you keep saying 3:15. I've been in the building since 12:30. I could have been here at 2:00 and we could have started the witnesses at 2:00. They were not available with respect —
THE COURT: Well, we were available in the morning. . .
(id. at 4).
Because of Mr. Rankin's late arrival, the hearing could not proceed as scheduled. It was adjourned to the following day for a continued hearing on the 2020 indictment and for the 2019 indictment to track. This adjournment required the People's witnesses to once again return. 
On September 13, 2022, the hearing continued but did not conclude. There was a lengthy back and forth between the parties and the Court regarding the scheduling of the next date, during which Mr. Rankin advised the Court that he would "stop a day of trial" in Kings County Supreme Court before the Hon. Judge Johnson, in order to conclude this hearing, and that Fridays were the regular day off from that trial (see People's Exhibit 16 — September 13, 2022, Minutes at 50-51). The parties agreed on Wednesday, September 21, 2022, and Friday, September 23, 2022, at 11:00 am, to conclude the hearings on the 2020 indictment. The 2019 indictment would track. Prior to the conclusion of the proceedings, the People notified the Court that a motion to compel, filed by the People on August 29, 2022, was still outstanding (id. at [*7]52).[FN10]

On September 21, 2022, despite Mr. Rankin's representations one week earlier that he would "stop a day of trial" (id. at 50) to continue this hearing, the Court was in receipt of a letter of engagement from Mr. Rankin, indicating that he was engaged in Part 35 on the matter of People v. Shane Smith (see People's Exhibit 17 — September 21, 2022, Minutes).[FN11]
Mr. Rankin's affirmation requested an adjournment to October 26, 2022, and the Court adjourned for that date for continued hearings on the 2020 indictment and for the 2019 indictment to track.
On October 26, 2022, prior to commencing the hearing, the parties addressed the outstanding motion to compel. Defense counsel opposed the motion orally and argued that the motion was untimely (see People's Exhibit 18 — October 26, 2022, Minutes). [FN12]
The Court advised that they would take the arguments into consideration and address it on the following date. The hearing commenced with the testimony of two witnesses, at the conclusion of which, the People notified the Court they had two additional witnesses to call before they could rest (id. at 82). The parties engaged in a back and forth regarding the witness' schedules and possible dates to conclude the hearing. Mr. Rankin suggested November 1, 2022, (id. at 83), but just moments later indicated that he was on trial on November 1, 2022: 
MR. RANKIN: I'm supposed to be starting my retrial on the first. It's going to be a month long period I'm trying to put this in before my month long retrial.
THE COURT: That's starting on the first?
MR. RANKIN: Yes.
(id. at 84-85).
Ultimately, the cases were adjourned to November 4, 2022, for continued hearing on the 2020 indictment and for the 2019 indictment to track. This required the People's witnesses to once again return for testimony.
On November 4, 2022, at approximately 3:00 pm, the hearing continued. During the cross examination of the People's first witness, Detective Gigante, Mr. Rankin wanted to use an audio recording to refresh the witness's recollection (see People's Exhibit 19 at 56). However, Mr. Rankin did not have the recording with him, though he had been served with it a year earlier (id.; see People's Motion at ¶ 43). The Court accommodated Mr. Rankin despite his [*8]unpreparedness and adjourned the case three days, to the following Monday, November 7, 2022, for a continued hearing on the 2020 indictment and for the 2019 indictment to track. This required Detective Gigante to return for continued testimony.
On November 7, 2022, both parties appeared for the continued hearing, and Detective Gigante was present to continue his testimony. However, despite the case having been adjourned just days earlier, Mr. Rankin advised the Court that he "got mixed up" with his dates and did not have his file with him (see People's Exhibit 20 - November 7, 2022, Minutes at 2). The case was again adjourned to accommodate Mr. Rankin, this time to November 9, 2022, at 3:00 pm for a continued hearing on the 2020 indictment and for the 2019 indictment to track. This required Detective Gigante to return for a third time.
On November 9, 2022, the hearing continued with the testimony of Detective Gigante, after which, the People rested. The defense did not present any evidence or witnesses and rested. Both parties made their closing arguments orally.
The Court also heard arguments from the parties as it related to the motion to compel. At the conclusion of which, the Court granted the People's motion and advised that an order would be issued to the parties off calendar (see People's Exhibit 21 — November 9, 2022, Minutes at 32). The cases were adjourned to December 16, 2022, at 2:15 pm, for the Court's hearing decision on the 2020 indictment and for the 2019 indictment to track.[FN13]

On December 1, 2022, via email, the Court issued the swab order, which directed that the swab be collected no later than January 10, 2023. The People reached out to Mr. Rankin via email twice to arrange the swab (see People's Exhibit 22 — Email from Jonathan Visotzy, Brooklyn District Attorney's Office, to Douglas Rankin [Dec. 1, 2022, 5:54 PM EST]; see People's Exhibit 23 — Email from Jonathan Visotzy, Brooklyn District Attorney's Office, to Douglas Rankin [Dec. 5, 2022, 10:25 AM EST]). Both emails were met without response (see People's Motion at ¶ 46).
On December 16, 2022, Mr. Rankin did not appear. He submitted an affirmation to the Court that he was engaged in trial in Queens County, in the case of People v. Tyrone Waller, and requested an adjourn date after January 9, 2023 (see People's Exhibit 24 — December 16, 2022, Minutes). The People advised the Court that their detective was available to swab the defendant, as ordered by the Court, should Mr. Rankin be amenable. The cases were adjourned to January 20, 2023, for the Court's hearing decision on the 2020 indictment and for the 2019 indictment to track.[FN14]

According to the People, the Court advised that they would hold the defendant's card to provide Mr. Rankin an opportunity to communicate with the People about the collection of the DNA sample (see People's Motion at ¶ 46). This is not reflected in the minutes from the appearance, but the Court relies on the representation of the People, as this may have been an off the record conversation. The People further state that they communicated via text message with Mr. Rankin regarding the swab at 11:33 am but did not receive a response until 7:52 pm from [*9]Mr. Rankin, who indicated he wanted to be present for the swab (id.; see People's Exhibit 25 — December 16, 2020, Test Message Exchange). 
On December 19, 2022, the People reached out to Mr. Rankin and the Court in an attempt to coordinate the DNA swab collection (see People's Exhibit 26 — Email from Jonathan Visotzy, Brooklyn District Attorney's Office, to Douglas Rankin and the Court [Dec. 19, 2022, 10:16 AM EST]). The email was met without response (see People's Motion at ¶ 48).
On January 20, 2023, the cases were adjourned to February 8, 2023.
On February 8, 2023, Mr. Rankin did not appear, and submitted an affirmation that he was engaged in trial in Kings County Supreme Court Part 35 on the matter of People v. Shane Smith, and requested March 9, 2023 (see People's Exhibit 27 — February 8, 2023, Minutes; see People's Exhibit 28 — February 8, 2023, Letter of Engagement). According to the People, they communicated to Mr. Rankin that a detective was present and available to take the swab if defense counsel was available to do so during a break in the trial that day (see People's Motion at ¶ 50). Mr. Rankin responded that he needed to be present for the swab and could not be present as he was on trial (id.). The cases were adjourned to March 9, 2023, for the Court's hearing decision on the 2020 indictment and for the 2019 indictment to track.
On March 9, 2023, despite having requested this specific date, Mr. Rankin again failed to appear. Mr. Rankin submitted an affirmation that he was engaged in Westchester Supreme Court before the Hon. Judge McCarty for a hearing on the case of People v. Marco Rivera, Indictment 71987/2022 (see People's Exhibit 29 — March 9, 2023, Minutes; see People's Exhibit 30 — March 9, 2023, Letter of Engagement; see People's Motion at ¶ 51).[FN15]
The People advised the court of their continued efforts to obtain the DNA swab and requested another order from the Court as the previous one had since expired (see People's Exhibit 29 — March 9, 2023, Minutes at 2). The cases were adjourned to March 15, 2022, as per Mr. Rankin's request, for the Court's hearing decision on the 2020 indictment and for the 2019 indictment to track.
On March 15, 2023, the parties appeared, and Mr. Rankin requested that the case be adjourned for trial and the hearing decision be issued off calendar (see People's Exhibit 32 - March 15, 2023, Minutes at 2-3).[FN16]
 During that same appearance, the People advised that their detective was present and ready to collect the DNA swab from the defendant. According to the People, following the calendar call, upon learning that the collection of the DNA sample needed to be conducted outside of the Supreme Court holding cells of the court room, Mr. Rankin "immediately stated he would not wait and no longer wished to be present. Counsel added that he would need a few days to explain to Defendant that he no longer needed to be present" (see [*10]People's Motion at ¶ 53).[FN17]
 The cases were adjourned to May 10, 2023, for a jury trial on the 2020 indictment and for the 2019 indictment to track.
On April 27, 2023, the People advised the Court and Mr. Rankin via email that they intended to answer ready for trial on May 10, and inquired of counsel if he was going to be ready, as the People had to arrange travel for several witnesses (see People's Exhibit 33 - Email from Jonathan Visotzy, Brooklyn District Attorney's Office, to Douglas Rankin and the Court [Apr. 27, 2023, 10:27 AM EST]). The People sent a follow up email on May 1, 2023 (see People's Exhibit 34 - Email from Jonathan Visotzy, Brooklyn District Attorney's Office, to Douglas Rankin and the Court [May 1, 2023, 6:37 PM EST]; see People's Motion at ¶ 54). Both emails went unanswered.
On May 10, 2023, the day selected by Mr. Rankin for trial, Mr. Rankin failed to appear, and instead submitted an affirmation that he was engaged on trial in Westchester County before Judge Neary on the case of People v. Marco Rivera (see People's Exhibit 36 — May 10, 2023, Letter of Engagement). The Court's review of the internal system, NYBench, reflects that the Rivera trial began on May 1, 2023, which means that Mr. Rankin knew for well over a week that he would not be able to begin trial on this case on May 10, 2023, as scheduled. Mr. Rankin's lack of communication with the Court and the People was not only unprofessional and discourteous but caused unnecessary delay in the case. As per Mr. Rankin's request, the cases were adjourned to May 30, 2023, for trial on the 2020 indictment and for the 2019 indictment to track.[FN18]

On May 25, 2023, the People advised the Court and Mr. Rankin via email that they intended to answer ready for trial on the next date, and inquired of counsel if he was going to be ready (see People's Exhibit 37 - Email from Jonathan Visotzy, Brooklyn District Attorney's Office, to Douglas Rankin and the Court [May 25, 2023, 2:35 PM EST]). Mr. Rankin responded to the email and said, "Defense is ready. I would just need to ready and pass to Thursday or Monday," which would be June 1, 2023, or June 5, 2023 (see People's Exhibit 38 - Email from Douglas Rankin, to Jonathan Visotzy, Brooklyn District Attorney's Office, and the Court [May 25, 2023, 2:42 PM EST]).
On May 30, 2023, the parties appeared in person and the case was adjourned to June 5, 2023, to begin jury selection.
On June 5, 2023, the parties appeared to commence trial. In addressing preliminary matters, Mr. Rankin requested the Court lift the March 18, 2021, protective order:
MR. RANKIN: OK. So, I understand that for count four it's civilians from the club but it says a confidential witness. What is the name of that witness? At this juncture, your honor, on the eve of trial, I don't believe the protective order should still be in effect. So, obviously I have not yet received all the unredacted discovery period I know I will [*11]probably be receiving it today. Just a bunch of names does not let me know who it is count four person. And if  only if I had presented the case to the grand jury would I truly know how it was done, who that person is. I am asking the government to say who that is because even turning over discovery doesn't show me who count four person is.
(see People's Exhibit 40 - June 5, 2023, Minutes at 4-5).[FN19]
Following this record, during an off the record bench conference, the People provided Mr. Rankin with at least one of the confidential witness' names. Immediately thereafter, in open court and on the record, Mr. Rankin placed the name of one of the confidential witnesses on the record, not once, but twice, though the protective order was still in place. His response to the Court after doing so was, "we're on the eve of trial, your Honor, so I think any protective order would have to be withdrawn" (id. at 7). However, whether or not the protective order was going to lifted was completely irrelevant as it had not yet actually been lifted and counsel was well aware of that fact. The Court did later agree to lift the order and stated:
THE COURT: So at this point, I mean, it looks like we're in the posture to move forward with the jury trial on Wednesday. The court's going to lift the protective order at this point so that discovery can be turned over unredacted to the defense counsel at this point.
(id. at 10).
The cases were adjourned to June 7, 2023, at 2:15 pm, for the Hinton hearing and any preliminary arguments on the 2020 indictment, and for the 2019 indictment to track.
On June 7, 2023, the Court held a Hinton hearing where the undercover police detective's identity was exposed as he testified at length to his assignment, and details of on-going police investigations, among other things (see People's Exhibit 41 — June 7, 2023, Minutes).[FN20]
At the conclusion of the hearing, the Court held that the courtroom would be closed for that witness's trial testimony.
The parties also made their preliminary trial arguments. Despite the fact that Mr. Rankin was aware from the onset of these cases that ShotSpotter was involved, and despite the People having provided Mr. Rankin with notice of their intent to call a ShotSpotter expert months earlier, Mr. Rankin made a request for a Frye as to the ShotSpotter (id. at 66-68). The Court is hard-pressed to view this belated request as anything more than a delay tactic. The Court indicated that the parties could submit case law on the issue and that a decision would be made on the issue before Monday, June 12, 2023.
The Court also placed their findings as to the hearing on the record: suppressing two statements, among other findings.[FN21]
The People requested to submit a motion to reargue on the [*12]issue of the suppressed statements, to which Mr. Rankin responded, "I'm not responding to that" (id. at 75).[FN22]
The cases were adjourned to Monday, June 12, 2023, at 11:00 am.
On June 12, 2023, the Court was not available, and the cases were called before the Honorable Rhonda Tomlinson. The parties agreed to July 10, 2023. The cases were adjourned to July 10, 2023, for trial on the 2020 indictment, and for the 2019 indictment to track (see People's Exhibit 42 — June 12, 2023, Minutes).
On June 26, 2023, despite having already started preliminary arguments on this case and being scheduled to pick a jury on July 10, 2023, Mr. Rankin began a trial in Kings County Supreme Court, Part 34, on the case of People v. Kabal Reyes, Indictment 6815/2019.
On July 10, 2010, Mr. Rankin failed to appear and submitted an affirmation that he was engaged on trial on the Reyes case, and he requested August 10, 2023 (see People's Exhibit 43 — July 10, 2023 — Letter of Engagement). This had not been previously communicated to the Court though Mr. Rankin had been on trial for weeks and was well aware that he would not be available to start this trial on July 10, 2023. The People argued to the Court that Mr. Rankin was intentionally delaying the case and they requested a motion schedule, as they intended to file a motion to have Mr. Rankin removed as counsel. A motion schedule was set: People to file by July 14, 2023, and defense to respond by July 28, 2023. The cases were adjourned to August 10, 2023, the date requested by Mr. Rankin, for a decision on the motion.
On July 18, 2023, the People filed their motion.
On August 10, 2023, the Court was not available and the cases were adjourned.
On September 21, 2023, due to a staffing shortage, there was a delay in opening parts. In an effort to streamline cases, these cases, and others were conferenced off the record with the Court's Court Attorney and administratively adjourned. The cases were administratively adjourned to October 3, 2023.
On October 3, 2023, Mr. Rankin made an oral opposition to the People's motion to relieve him. Much of Mr. Rankin's arguments relied on Article 125 of The Uniform Rules, discussed further infra (see People's Reply Exhibit 1 — October 3, 2023, Minutes).[FN23]
Mr. Rankin argued in part:
Well first and foremost, your honor, the crux of the government's motion is delay in regards to this case. Obviously, we know a pandemic has occurred and I am not sick. I am not informed. I am not on vacation and avoiding this case. I am on trial. Article 125 of the uniform rules of trial, which what cases go in order, it includes incarcerated [*13]defendants and the age of the case. . . So I am starting a juvenile homicide in Nassau County on October 24. I am following that up with Darren Wilson or Brandon Lee; both five year old homicides. And then after those two are done, I will be able to do Mr. Nicholls. I anticipate that's probably gonna be at the beginning of the new year. And that's when I would be able to try this case.
(id. at 3-4).
However, in the next breath, Mr. Rankin advised the Court that he has a homicide in Brooklyn, "which more likely than not is probably going to be in January" and that "if we pick a date in January, it might just get bumped because of [that homicide trial]" (id. at 10). And then later, in further contradiction, he said that there was no set trial date for that homicide and that by November there should be one (id. at 14). As the People point out, just days earlier, on a separate matter, in Kings County Supreme Court, People v. Ahmed Mohammad, Indictment 71483-22, Mr. Rankin represented to the Honorable Daniel Chun that he would be available to start that trial on January 8, 2024 (see People's Reply Exhibit 2 — September 26, 2023, Minutes). The inconsistent and contradictory representations made by Mr. Rankin can be seen as nothing more than attempts at delay.
A back and forth between Mr. Rankin, the Assistant District Attorney standing on the case, and the Court continued, in an effort to pick a firm trial date. However, Mr. Rankin consistently tried to avoid setting a firm January date and instead insisted on having a November conference date first. Notably, despite this request for a November conference date, Mr. Rankin made it clear that he would likely be unable to even appear for it and would have to send an affirmation of engagement (id. at 14). Ultimately, the Court scheduled the cases for November 1, 2023, for a conference with a January 22, 2024, trial date for the 2020 indictment.
On November 1, 2023, Mr. Rankin failed to appear but submitted an affirmation indicating that he was engaged on trial and requested November 14, 2023. The Court's decision as to the motion to relieve Mr. Rankin as counsel was granted orally on the record, with a written decision to follow. The cases were adjourned to November 15, 2023, for new counsel to be assigned.[FN24]

On November 15, 2023, though Mr. Rankin had been removed as counsel, he submitted an affirmation indicating that he was engaged on trial, in Nassau County before the Honorable Judge Robbins on an adolescent murder and requested November 21, 2023. The affirmation did not include the case name or indictment number. The cases were adjourned to November 21, 2023, for new counsel to be assigned.
On November 21, 2023, Mr. Rankin appeared advising the Court that he wanted to file a motion to reargue the Court's decision. The Court granted that request, and the cases were adjourned to November 28, 2023, for arguments.
On November 28, 2023, Mr. Rankin argued that the Court had overlooked or misapprehended the law, arguing: that his client did not want a new attorney; that he was engaged in trial on other cases and not on vacation or sick; and that he could start this trial on December 1, 2023. Taking those representations into account, the cases were adjourned to December 19, 2023, for a decision.
On December 6, 2023, the Court received an email from assigned Assistant District [*14]Attorney Visotzky, that read as follows:
Following up on this case, ADA Timothy Shortt from the Queens County District Attorney's Office has confirmed the trial in counsel's older homicide case, Brandon Lee (Indictment 425/2019), commenced on November 30th, despite counsel's record made to the contrary last week. The parties have been directed to finish prelims on December 14th and jury selection is to begin after the holidays (the ADA has previously provided me with Judge Aloise's Court Attorney's phone number, should the Court wish to verify this information as well). Given the scheduling constraints that will effectively prevent this case from being tried before next Spring-Summer, I am requesting if we can please advance the case to this Friday just for 18-b counsel to be appointed. This case has been scheduled several times for this purpose and while 18-b was in the part ready to appear on the last court date, the defendant continues to remain without representation. To avoid any further delay, this will at least allow new counsel to receive all of the discovery so that this case could be tried in early 2024.
(Email from Jonathan Visotzy, Brooklyn District Attorney's Office, to Court [Dec. 5, 2023, 7:01 PM EST).
In response, the Court's Court Attorney, Shirin Zarabi, reached out to Judge Aloise's Court Attorney, and was advised of the following as it relates to the Brandon Lee case: that on November 16, 2023, Mr. Rankin advised the Court that he would be ready to proceed with jury selection and go straight into trial on November 30, 2023; and that the parties were advised on November 20, 2023, to appear to work out the trial schedule, which was determined to be preliminaries on December 14, 2023, and jury selection on January 8, 2024, with a panel of 100 prospective jurors anticipated.
Based on the forgoing, the parties were notified of the following:
The Court previously issued an oral decision removing counsel. Though Mr. Rankin made an oral motion to reargue, that motion was not formally granted and the Court did not reverse it's initial decision. The defendant therefore remains without counsel. Based on the information provided by the ADA below as well as my conversations with the Court Attorney for Judge Aloise, this case is being added onto our Part 2 calendar this afternoon for 18b to be assigned. 18b of the day is cc'd on this email.
(Email from Shirin Zarabi, Principal Court Attorney to the Hon. Claudia Daniels-DePeyster, to J. Visotzy, D. Rankin, and M. Salway [Dec. 6, 2023, 1:13 PM EST).
The cases were added onto the calendar, and new counsel, Mitchel Salaway was assigned.[FN25]

 II. Applicable Law and Analysis
It is well settled that criminal defendant's constitutional right to representation by the attorney of his choice is not absolute (see People v. Burgos, 38 NY3d 56 [2022]). While courts "should be hesitant to interfere in an established attorney-client relationship," trial courts have the inherent authority to impose reasonable trial rules, including the dismissal of retained counsel (People v. Knowles, 88 NY2d 763, 766 [1996][quotations and citations omitted]). This interference, however, may not be arbitrary (id.). Dismissal of retained counsel over the defendant's objection "may be tolerable only where the court first determines that counsel's participation presents a conflict of interest or where defense tactics may compromise the orderly management of the trial or the fair administration of justice" (id. at 766-767; see People v. Bracy, 261 AD2d 180 [1st Dept, 1999](dismissal of defense counsel may be necessitated by his or her prolonged unavailability for trial due to another professional engagement); see People v. Espinal, 10 AD3d 326, 330 [1st Dept, 2004])("dismissal of defense counsel may be justified by findings that the attorney in question has engaged in a longstanding pattern of dilatory conduct, or that such attorney has demonstrated an egregious and persistent lack of candor with the court.")).
The record of these proceedings, outlined supra, provide the Court with multiple reasons to remove Mr. Rankin as retained counsel:
1. Mr. Rankin is in violation of the Uniform Rules for the Engagement of Counsel (22 NYCRR 125.1)
Pursuant to the Uniform Rules for the Engagement of Counsel (22 NYCRR 125.1), "engagement of counsel shall be a ground for adjournment" (22 NYCRR 125.1[a]). "Engagement" is defined as "actual engagement on trial or in argument before any State or Federal trial or appellate court" (id. at [b]). This section also requires an attorney with a scheduling conflict in criminal cases to give priority and preference to incarcerated defendants, followed by "proceedings based on acts which constitute felonies" (id. at [c]). This rule, however, is subject to subsection (f), which states that "where a trial already has commenced, and an attorney for one of the parties has an engagement elsewhere, there shall be no adjournment of the ongoing trial" (id. at [f]). This rule "applies equally to pre-trial suppression hearings" (Matter of Rankin, 78 Misc 3d 337, 347 [Sup. Ct. Kings Co. 2023]). Under these rules, the court has sole discretion to deny requests from counsel for adjournments.
Despite Mr. Rankin's regular reliance on the Uniform Rules, Mr. Rankin has failed to abode by the requirements of the section.
First, having already commenced hearings on this case, Mr. Rankin failed to appear for a continued hearing date, and instead made the unilateral decision to begin the Shane Smith trial.
Then, after preliminary arguments had been made, the parties conveyed their readiness, and in anticipation of jury selection, this court lifted a protective order and held a Hinton hearing. During the hearing, an active undercover NYPD detective testified at length, about the nature of his assignment, the location of his assigned and specific ongoing investigations. Additionally, Mr. Rankin put the name of a confidential witness on the record. However, despite all of this Mr. Rankin, began a trial in the case of Kabal Reyes, which prevented him from continuing with this trial.
Moreover, upon being removed as counsel, Mr. Rankin's availability seemed to quickly change and he represented to the Court that he could start the trial in December. Subsequently, and in contradiction, Mr. Rankin began a trial in the case of Brandon Lee.
Mr. Rankin's actions of engaging on other matters when this case was already mid-litigation were in violation of the Rules and have caused extensive delays in the case. 
Additionally, Mr. Rankin has repeatedly submitted affirmations, not because he was "on trial or in argument before any State or Federal trial or appellate court" but because he had a fever or COVID-19.
2. Delays caused by Mr. Rankin have prejudiced the People
The People maintain that the delays caused by Mr. Rankin have already impaired their ability to prosecute these matters. With respect to the prosecution of the 2020 indictment, the People maintain that Mr. Rankin's delays have caused potential unavailability of fifteen witnesses (see People's Motion at ¶ 83): "nine of the People's law enforcement witnesses have either retired or resigned; one law enforcement witness who testified in the hearing is on extended military leave . . .one NYPD criminalist has resigned; one NYPD ballistics expert went on temporary leave. . .three material civilian witnesses have relocated out-of-state and arrangements will be required to secure their attendance; and one additional civilian is currently in the process of temporarily relocating out-of-state" (see Bracy, 261 AD2d at 180("the danger of fading memories or unavailability of witnesses" also justifies the "interference" in the "established attorney-client relationship")). Mr. Rankin's actions have also resulted in the hearings on the 2020 indictment being bifurcated over multiple days and required multiple witnesses to return on multiple days.
3. Mr. Rankin engaged in a longstanding pattern of dilatory conduct, and demonstrated an egregious and persistent lack of candor with the court
During the course of these proceedings, Mr. Rankin repeatedly failed to comply with orders from this Court to appear on specific dates and times, to file papers, and to be ready for hearings and trials (see e.g. People v. Jones, 31 Misc 3d 1241[A][Sup. Ct. NY Co. 2011](Mr. Rankin removed as retained counsel; the court noted that Mr. Rankin had "repeatedly failed to comply with court orders directing him to appear on specified dates and times and be ready for trial.")). His actions delayed the taking of the Court ordered DNA swab, and resulted in witnesses being scheduled for days Mr. Rankin knew he would not be available. In total, Mr. Rankin failed to appear approximately 13 times on these cases. Mr. Rankin has ignored emails, from both the People and this Court, which has further delayed the adjudication of these matters. And on multiple occasions provided this Court with incomplete or misleading information to this court.

 III. Conclusion
This Court finds that the record is clear that Mr. Rankin's continuance as counsel would further delay these matters and compromise the orderly management of the trial or the fair administration of justice. Therefore, the People's motion is granted.
This constitutes the Decision and Order of the Court.
Dated: January 2, 2024
Kings County, New York
_________________________________
Hon. Claudia Daniels-DePeyster, A.J.S.C.

Footnotes

Footnote 1: A summary of this decision was placed on the record by the Court on November 1, 2023.

Footnote 2: Mr. Rankin represented to the Court at a later date that January 3, 2022, was when he was retained (see People's Exhibit 2 — February 2, 2022, Minutes at 5).

Footnote 3: The Court takes concern with Mr. Rankin's representation that he needed more time to review the discovery. As evidence by People's Exhibit 8 (OneDrive Screenshot), it appears that at the time of this request Mr. Rankin had not even accessed the discovery files yet. In fact, it appears that the first time he accessed them was on June 15, 2022, the day before a scheduled hearing, and months after he took the cases over.

Footnote 4: The defendant was not present as he had refused to be produced (see People's Exhibit 5 — April 21, 2022, Minutes at 4).

Footnote 5: The People consented to Dunaway, Wade, Mapp and Huntley hearings, and the defense requested to reserve for a Payton (see People's Exhibit 5 — April 21, 2022, Minutes at 6). 

Footnote 6: Following a review of the court file, it does not appear that a defense certificate of compliance has ever been filed.

Footnote 7: Following a review of the court file, it does not appear that a defense certificate of compliance has ever been filed.

Footnote 8: The Court's concern with Mr. Rankin's representations and alleged scheduling conflict is compounded by the fact that just one day prior, Mr. Rankin represented to the Honorable Heidi Cesare in Kings County Supreme Court that he would not be able to continue a hearing on June 16, 2023, because he was engaged in hearings on the instant case (see People's Motion at ¶ 32; see In Re Rankin, 78 Misc 3d 337 [Sup. Ct., Kings Co. Jan. 3, 2023][Cesare, J.]; see also Matter of Rankin, 78 Misc 3d 337 [2023]).

Footnote 9: The Court notes that the affidavit did not include when these test results were obtained. While the Court appreciates the right to keep the details of one's medical results private, the Court is suspicious of the fact that Mr. Rankin claimed to have been tested on June 28, 2022, but did not inform the Court that he had tested positive and was not available to appear until nine days later. This suspicion is compounded by the fact that by June of 2022, at home COVID tests were readily available and produced results within 15 minutes.

Footnote 10: According to the People, "[o]n August 29, 2022, upon determining that the Office of the Chief Medical Examiner ("OCME" inadvertently compared the DNA sample submitted in conjunction with the tracking case, Indictment 597/2019, the People filed a Motion to Compel a new DNA sample to be compared to the firearms recovered" (People's Motion at ¶ 38; see People's Exhibit 18 — October 26, 2022, Minutes at 10).

Footnote 11: Notably, this does not appear to be the same case Mr. Rankin mentioned on the previous date, as Part 35 is staffed by the Hon. Judge Douglas. Moreover, the People assert that according to the Assistant District Attorney assigned to that trial case, Omar Harding, that trial was not scheduled to continue on Friday, September 23, 2022 (see People's Motion at ¶ 41). Additionally, the Court's review of the internal system, NYBench, reflects no scheduled appearance on September 23, 2022, for that trial case.

Footnote 12: The People contend that this appearance happened in the afternoon (see People's Motion at ¶ 42). The Court's notes do not reflect a time, but the Court notes that in the minutes from the appearance, the parties say, "good afternoon". 

Footnote 13: Mr. Rankin requested a 2:00 pm call as he was scheduled to be in Judge Riviezzo's Manhattan GTAP calendar on four cases that day (see People's Exhibit 21 — November 9, 2020, Minutes at 26). 

Footnote 14: The Court later reached out to the parties and advised that the cases would be administratively adjourned to February 8, 2023.

Footnote 15: Notably, this case was much newer than these cases, stemming from an August 2, 2022, arrest (see People's Motion at ¶ 51). Moreover, the People advise that they had been in communication with the assigned prosecutor on that case, who advised that the case was actually not scheduled for a hearing that day, but was in a trial assignment part, and that the expectation was that the parties would be forthwith to another judge who would select a hearing date (see People's Motion at ¶ 51; see also People Exhibit 31 — New York State Unified Court System Print Out). In fact, the Court's review of the internal system, NYBench, reflects a note that the hearings were conducted on March 30, 2023.

Footnote 16: The hearing decision was not ready as the Court was still awaiting a set of minutes from the reporter (see People's Exhibit 32 - March 15, 2023, Minutes at 2).

Footnote 17: The Court is dumbfounded that Mr. Rankin would so quickly change his position as to his presence at the swab when the swab had already been delayed for four-months because Mr. Rankin insisted on being present for it. The Court sees absolutely no reason to his position flip flop other than to delay and prevent any minor inconvenience for himself. On March 20, 2023, the detectives were finally able to obtain a DNA swab from the defendant.

Footnote 18: The 2020 indictment would also be on for hearing decision as the Court was still awaiting a set of minutes (see People's Exhibit 36 — May 10, 2023, Minutes at 2).

Footnote 19: As these minutes include the name of confidential witnesses, they were provided to the Court unredacted for in camera review.

Footnote 20: Due to the confidential nature of the proceedings, the minutes were provided by the People the Court unredacted for in camera review.

Footnote 21: The parties were provided a written decision via email on September 14, 2023, holding: suppression granted as to the defendant's clothing at the hospital, and the statements to confidential informant 1, suppression denied on all other grounds (see September 14, 2023, Hearing Decision).

Footnote 22: The People served and filed their motion to reargue on October 21, 2023. Defense counsel has never responded to the motion and the motion is still pending.

Footnote 23: Part of Mr. Rankin's arguments also included the following: "It is in the Government's best interest to get me off. The Government reads the newspaper. The Government knows how many cases I try in Brooklyn. How many acquittals I get. The Government uses this now as a strategic approach to their cases. . ..I would invite the Government to, at any point in time contact OCA and kind of look up as to how many trials Doug Rankin has tried. I can guarantee you if you pull, like every ADA on this floor, put them altogether, I would probably still have double the amount of trials that they have" (see People's Reply Exhibit 1 — October 3, 2023, Minutes at 4,8). As an aside, the Court finds these types of arguments to be unprofessional and inappropriate and they have no place in an opposition by counsel on such a serious criminal matter.

Footnote 24: The Court would be closed on the November 14, 2023, date requested by Mr. Rankin.

Footnote 25: On December 19, 2024, the originally scheduled Court date, Mr. Rankin appeared at 12:58 pm on another matter in this court and was surprised to find that these cases were not on the calendar. Mr. Rankin was informed by the Court attorney of the December 6, 2023, events and advised him that he had been included on all of the emails. Mr. Rankin questioned whether or not his correct email address had been used. The Court Attorney confirmed that the email address was correct and provided a printed copy of the email thread to Mr. Rankin.